IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HOLCIM (US) INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:07cv1042-MHT |
| | * | |
| HARRIS CONCRETE PRODUCTS, LLC | * | |
| and NED T. HARRIS, | * | |
| | * | |
| Defendants. | * | |

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on May 19, 2008, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

   Holcim (US) Inc.    -    J. Marshall Gardner, Esquire
                             Vickers, Riis, Murray and Curran, L.L.C.
                             106 St. Francis Street, Suite 1100 (36602)
                             Post Office Drawer 2568
                             Mobile, Alabama 36652-2568

   Ned T. Harris       -    Von G. Memory, Esquire
                             James L. Day, Esquire
                             Memory & Day
                             Post Office Box 4054
                             Montgomery, Alabama 36103-4054

   COUNSEL APPEARING AT PRETRIAL HEARING:

   Same as Trial Counsel

   JURISDICTION AND VENUE:

   The parties stipulate that this court has jurisdiction of this case and that venue is proper.

2.   PLEADINGS: The following pleadings and amendments were allowed:

   1.   Complaint

   2.   Answer for Harris Concrete Products, LLC and Ned T. Harris

3.   CONTENTION OF THE PARTIES:

   A.   **Plaintiff, Holcim (US) Inc.**

   1.   On or about July 26, 2001, Harris Concrete Products, LLC submitted a signed credit application to Holcim for the purpose of inducing Holcim to sell cement and other products to Harris Concrete on credit.

   2.   Ned T. Harris signed a personal guarantee of the Harris account to Holcim.

   3.   In reliance upon the credit application from Harris Concrete and upon the personal guaranty of Ned T. Harris, Holcim sold cement and other products to Harris Concrete on credit.

   4.   Harris Concrete and, by virtue of the guaranty, Ned T. Harris, owe Holcim the principal sum of $115,724.36 for cement and other products sold by Holcim.

   5.   Holcim is entitled to recover interest and attorneys fees as provided by the terms of the credit application and the terms of sale.

   6.   Harris Concrete has filed a voluntary bankruptcy petition and has been dismissed as a defendant in this case.

        7.      Ned T. Harris, individually, is liable to Holcim for all amounts owed by Harris Concrete, including interest and attorneys fees.

    B.    **Defendant, Ned T. Harris**

        1.      In addition to the general denial, the liability of Ned T. Harris to Holcim is contingent upon Holcim proving the amount that it is owed by Harris Concrete Products, LLC.

        2.      During the first half of 2007, Harris Concrete Products, LLC experienced problems with the cement supplied by Holcim. The problems related to an odor in the cement and also Harris was required to use an excessive amount of bulk cement in producing concrete blocks.

        3.      Holcim was slow to respond to the complaints of Harris Concrete Products, LLC and ultimately did not take any corrective action. As a result, Harris Concrete Products, LLC, was damaged.

        4.      Ned T. Harris received no consideration for his personal guaranty.

3.    STIPULATIONS BY AND BETWEEN THE PARTIES:

    A.    Jurisdiction and venue is proper.

    B.    Holcim and Harris Concrete Products, LLC did business during 2005, 2006 and 2007.

    C.    Harris Concrete Products, LLC owes a balance to Holcim for cement and material which it purchased from Holcim.

It is ORDERED that:

(1) The non-jury trial of this cause, which is to last one day, is set for June 23, 2008, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104.

(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;

(3) The plaintiff is required to file proposed findings of fact and conclusions of law by June 11, 2008.  The defendant is required to file proposed findings of fact and conclusions of law by June 18, 2008.  The parties are also directed to e:mail their proposed findings of fact and conclusions of law to

<propord_thompson@almd.uscourts.gov> in wordPerfect format by the dates specified above;

(4) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling order (Doc. No. 11) entered by the court on January 15, 2008 ;

(6) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter

     modified by Order of the court.

     DONE, this the 20th day of May, 2008.


          <u>/s/ Myron H. Thompson</u>
     **UNITED STATES DISTRICT JUDGE**